Slip Op. 14-103

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CARBON ACTIVATED CORP.,** | |
| Plaintiff, | |
| v. | Before: Gregory W. Carman, Judge<br>Court No. 13-00366 |
| **UNITED STATES AND U.S. CUSTOMS AND BORDER PROTECTION,** | |
| Defendant. | |

## OPINION & ORDER

[Defendant's motion to dismiss is granted.]

    *Nancy A. Noonan,* Arent Fox LLP, of Washington, DC, for plaintiff.

    *Antonia R. Soares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With her on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.  Of Counsel on the brief was *Edward N. Maurer*, Deputy Assistant Chief Counsel, U.S. Customs & Border Protection, of New York, NY.

September 8, 2014

    **CARMAN, JUDGE:**  Before the Court is the Motion to Dismiss ("MTD") of Defendant United States and U.S. Customs and Border Protection ("Defendant" or "Customs") for lack of subject matter jurisdiction pursuant to USCIT Rule 12(b)(1), or, in the alternative, for failure to state a claim upon which relief may be granted pursuant to USCIT Rule 12(b)(5).  ECF No. 13.  For the reasons set forth below, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

This action challenges Customs' liquidation of three entries in 2008. *See* Compl. ¶ 12, ECF No. 5. Plaintiff Carbon Activated Corporation ("Plaintiff" or "Carbon Activated") claims that these three entries were prematurely and unlawfully liquidated. *See id*. ¶ 13. Plaintiff argues that it was unaware that these entries "had been erroneously liquated" until June 2012, and consequently filed a protest, despite its belief that it "would not resolve the problem." Pl. Carbon Activated Corp.'s Resp. to Def.'s Mot. to Dismiss the Compl. ("Pl.'s Resp.") at 4, ECF No. 17. Plaintiff implies that it cannot challenge the denial of its protest under 28 U.S.C. § 1581(a) (2006)[1] because Customs has not yet "acted upon" this protest. *Id*. Plaintiff asserts that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(i) because "any other jurisdictional provision is manifestly inadequate." *Id*.

Originally Plaintiff claimed that Customs violated an injunction ordered by the court in *Hebei Foreign Trade & Adver. Corp. v. United States*, 35 CIT__, 708 F. Supp. 2d 1317 (2011).[2] Compl. ¶ 7, Ex. A. Subsequently Plaintiff stated that it "is abandoning its claim that [Customs] failed to comply with the injunction ordered" in *Hebei*. Pl.'s Resp. at 1 n.1. However, Plaintiff continues to assert that its cause of action accrued with the issuance of the decision in *Hebei* because that was "the date that Carbon Activated was notified that the rate used upon liquidation was inaccurate." *Id*. at 2. Plaintiff therefore argues that because this case was filed within two years of the *Hebei* decision, "this case is timely." *Id*.

---

[1] All citations to the Unites States Code refer to the 2006 edition unless otherwise stated.

[2] *Hebei* involved separate unliquidated entries by the same importer of record.

Defendant moves to dismiss Plaintiff's Complaint.  Defendant asserts that "[i]t is settled that jurisdiction pursuant to 28 U.S.C. § 1581(i) is not available if jurisdiction pursuant to another subsection of section 1581 is, or could have been, available." MTD at 5.  Defendant explains that jurisdiction was available under subsection (a), which provides for challenges to timely protested denials.  *Id*.  Defendant claims that in first failing to protest within 180 days of liquidation and then failing to file a court challenge to a denial of that protest within two years of liquidation, Plaintiff failed to follow the "Congressionally-mandated process" for obtaining a remedy and is therefore "preclude[d] . . . from pursuing these claims in this Court pursuant to section 1581(i)." *Id*.  Accordingly, Defendant argues that the Court lacks subject matter jurisdiction to hear Plaintiff's case.

## JURISDICTION

Plaintiff carries the burden of establishing jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).  A court's determination of subject matter jurisdiction is a threshold inquiry.  In the instant action, Plaintiff claims jurisdiction is proper pursuant to 28 U.S.C. § 1581(i).  Compl. ¶ 3.  It is well-settled that subsection (i) may only be invoked if the other jurisdictional provisions are "manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987).  Here, subsection (a) would have been available to Plaintiff because the correct avenue for challenges to liquidations is first to lodge a protest with Customs within 180 days of the liquidation and then to challenge any denial of that protest in this court.  *See Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995). Plaintiff filed a protest but it did so three years after the alleged erroneous liquidation.  It is established that "a remedy is not inadequate simply because [a party] failed to invoke it within

the time frame it prescribes." *Id.* (internal quotations and citations omitted). Accordingly, Plaintiff had an adequate remedy for its alleged erroneous liquidation, but it lost that remedy because its protest was untimely, not because the remedy was inadequate.

It is a tenet of customs law that the importer has a duty to monitor liquidation of entries. *Id.* (citations omitted). Plaintiff concedes this point. Pl.'s Resp. at 1-2. Therefore Plaintiff's claim that it "was first made aware [in June 2012] that these three entries had been erroneously liquidated as entered in April and May of 2008" is insufficient to extend the statute of limitations. *Id.* at 4. Plaintiff has the duty to monitor the liquidation of its entries, and a statutory remedy is in place to challenge any erroneous liquidations for a diligent importer who complies with this duty. Plaintiff's failure to pursue that remedy in a timely manner does not fall under the rubric of "manifestly inadequate" and therefore Plaintiff cannot invoke subsection (i) jurisdiction in this case.

Plaintiff claims that "filing a protest in November 2008 would not have resulted in liquidation at the proper rate" because the final rate was unknown until the court's decision in *Hebei.* Pl.'s Resp. at 6-7. Plaintiff asks the Court to consider its "protest remedy under section 1581(a) manifestly inadequate" on that ground. *Id.* at 7. While recognizing that prior decisions have "not found that filing a protest is manifestly inadequate in similar cases," Plaintiff argues that an "importer only definitively knows that the rate was incorrect upon final resolution of the proceeding" before the Department of Commerce, which here was the date of publication of the *Hebei* decision.

This argument is unpersuasive. Had Plaintiff followed the proper procedure by first timely protesting the liquidation within 180 days, and, if the protest was denied, filing in this court within two years of liquidation, it could have brought this action under 28 U.S.C. §

1581(a).  As Defendant points out, "[w]hile the lack of information about the final rate would have prevented [Customs] from acting to grant the protest," it "would have kept a protest pending until instructions [as to the final rate] became available."  MTD at 12.  Plaintiff claims filing a protest to protect its rights before the final rate is determined would be "a waste of administrative resources" and filing a suit in this court to challenge any denial would be "a waste of judicial resources."  Pl.'s Resp. at 7.  But this efficiency argument does not demonstrate that the subsection (a) remedy is manifestly inadequate.  Therefore, the Court lacks jurisdiction to hear this case under subsection (i) and grants Defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss is granted; and it is further

**ORDERED** that Plaintiff's motion for oral argument is denied.

Judgment to enter accordingly.

/s/ Gregory W. Carman
Gregory W. Carman, Judge

Dated:  September 8, 2014
        New York, NY